IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

BRANDON DREW TANKERSLEY,

                Petitioner,             OPINION AND ORDER

    v.

                                                      19-cv-376-wmc

MATTHEW MARSKE,

                Respondent.
─────────────────────────────────────────────

Petitioner Brandon Drew Tankersly, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In his petition to this court, Tankersly seeks to challenge the Bureau of Prison's ("BOP") decision to revoke 41 days of good time credit for possession of narcotics. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Since it is unclear whether Tankersly has stated a claim for relief, the court will direct Tankersly to supplement his petition to provide more information about the revocation (or possible reinstatement) of his good time credit.

## BACKGROUND

Tankersly's petition contains very little information, but this much is clear: Tankersly is challenging a June 22, 2017, finding by a Disciplinary Hearing Officer

1

("DHO") that he was guilty of Possession of Narcotics. It appears that the DHO revoked 41 days of good time credit as a punishment for that guilty finding, which Tankersly appealed.

Tankersly further attached the ruling on his appeal to the petition. (Dkt. #1-1.) In that ruling, the Regional Director recites Tankersly's assertions that: (1) he was smoking tobacco; (2) his urine tested negative; (3) he passed a sobriety test; (4) the paper was not tested in his presence; (5) his request to have the substance sent to a lab was denied; and (6) the officer became aggressive with him. She further writes that his allegations were referred for review, "[a] procedural error was discovered," and the incident report would be remanded to the DHO for corrective action. Unfortunately, Tankersly does not indicate what occurred on remand, and in particular, whether the DHO ultimately reinstated his 41 days of good time credit.

OPINION

Disciplinary hearings that deprive an inmate of good-time credit -- and as a result, increase the inmate's period of incarceration -- *may* serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Still, § 2241 states that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner's assertions implicate his rights under the Fourteenth Amendment's due

process clause. A disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Tankersley does not allege -- and the facts outlined in his petition do not suggest -- that he was denied notice of the charges or a written statement from the DHO following the disciplinary hearing. However, his allegations support an inference that he was denied the chance to gather and submit evidence in support of his own defense, and that ultimately no evidence supported the revocation of his good time credits. To be sure, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* Furthermore, courts may only consider "exculpatory evidence to the extent it undermines the reliability of the evidence" used against the prisoner. *Id.* (citing *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996)).

That said, the apparent resolution of Tankersly's appeal shows that the Regional Director accepted his assertions of "procedural error," causing the Regional Director to

process clause. A disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Tankersley does not allege -- and the facts outlined in his petition do not suggest -- that he was denied notice of the charges or a written statement from the DHO following the disciplinary hearing. However, his allegations support an inference that he was denied the chance to gather and submit evidence in support of his own defense, and that ultimately no evidence supported the revocation of his good time credits. To be sure, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* Furthermore, courts may only consider "exculpatory evidence to the extent it undermines the reliability of the evidence" used against the prisoner. *Id.* (citing *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996)).

That said, the apparent resolution of Tankersly's appeal shows that the Regional Director accepted his assertions of "procedural error," causing the Regional Director to

send the incident report back to the DHO for corrective action. Still, Tankersly does not indicated on remand whether (1) he was afforded the chance to put forth a defense *or* a guilty finding again resulted unsupported by the "some evidence" requirement. Equally important, Tankersly does not indicate whether the DHO ultimately reinstated good time credit on remand, and if not, on what basis the 41 days of good time credit was not reinstated, much less whether that decision was upheld on appeal. Absent this information, Tankersly has neither stated a denial of due process, nor a basis for relief. Accordingly,

ORDER

IT IS ORDERED that:

1. Petitioner Brandon Tankersly may have until **July 19, 2019**, to supplement his petition for a writ of habeas corpus (dkt. #1) with the missing information as outlined immediately above.

2. Failure to supplement the petition timely with this information will result in its dismissal.

Entered this 28th day of June, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

4