IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRANDON DREW TANKERSLEY,

                Petitioner,                      OPINION AND ORDER

v.

                                                  19-cv-376-wmc

MATTHEW MARSKE,

                Respondent.

Petitioner Brandon Drew Tankersly, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. Specifically, in his petition, Tankersly seeks to challenge the Bureau of Prison's ("BOP") decision to revoke 41 days of good time credit for possession of narcotics. In response, the court directed Tankersly to supplement his petition by explaining: (1) whether he was afforded the chance to put forth a defense to the narcotics charge; (2) whether the Disciplinary Hearing Officer ("DHO") ultimately reinstated his 41 days of good time credit on remand, and if not, on what basis it was not reinstated; and (3) whether that decision was upheld on appeal. (Dkt. #2.) Tankersley has submitted his response and an affidavit. (Dkt. ##3, 4.) Having reviewed those materials, the court must now dismiss Tankersley's petition for the reasons that follow.

OPINION

As an initial matter, disciplinary hearings that deprive an inmate of good-time credit -- and as a result, increase the inmate's period of incarceration -- *may* serve as a basis for

1

requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Still, § 2241 states that the great "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A disciplinary decision that results in the loss of good-time credits in particular must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns, to call witnesses and present evidence in his or her defense; (3) a written statement from the factfinder identifying the evidence relied upon and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Moreover, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, for example, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* Finally, courts may only consider "exculpatory evidence to the extent it undermines the reliability of the evidence" used against the prisoner. *Id.* (citing *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996)).

Here, Tankersly supplemented his petition with the following averments related to his loss of good time credit:

- On June 12, 2017, Tankersly's living quarters were searched by prison staff, who

2

- found a smoking device, burnt tissue, and foil strips that were used to light a wick.
- An officer stated that he found a burnt substance inside the smoking device.
- A Narcotic Identification Kit ("NIK") was used to identify the substance inside the device. The substance tested positive for amphetamines.
- Tankersly asked for lab testing in addition to the NIK test.
- Tankersly was given a urine test that showed no narcotics.
- During his appeal, the Unit Discipline Committee ("UDC") concluded that the NIK test pictures did not actually show a positive response, and recommended that his charge be lowered.
- The DHO "brushed off" the recommendation from the UDC, concluding that UDC staff are not experts.

(Tankersly Decl. (dkt. #4).)   While still lacking in detail, these representations establish that Tankersly was given the opportunity to present evidence in his own defense, but that his 41 days of good time credit was not reinstated by the DHO, who relied upon NIK testing results to uphold the previous finding that Tankersly possessed narcotics. Accordingly, the question before the court is whether the DHO's decision to rely on the NIK testing satisfies the meager "some evidence" threshold.

In fairness, Tankersly's supplement may show some *disagreement* between the UDC and the DHO as to whether the NIK test was actually positive for amphetamines, but any disagreement does *not* mean the DHO acted unreasonably in relying on the NIK test and

declining to accept the UDC's recommendation. Therefore, it is a foregone conclusion that the DHO's analysis after Tankersly's appeal passes constitutional muster. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("some evidence" standard "require[es] only that the decision not be arbitrary or without support in the record"). In particular, Tankersly has submitted nothing to suggest that the DHO had reason to know that the NIK test was invalid, nor any other evidence suggesting that the DHO could not rely on the NIK test to find Tankersly guilty of possessing narcotics.[1]  Accordingly, given that the DHO's decision on remand was based on evidence from the record, the court will deny Tankersly's petition.

ORDER

IT IS ORDERED that petitioner Brandon Tankersly's petition for a writ of habeas corpus under § 2241 is DENIED and this case is DISMISSED.

Entered this 29th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] If petitioner actually has such evidence, he should promptly move for reconsideration *and* provide it to the court.

4